IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MAUREEN SIMMONS, etc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | CIVIL ACTION NO. 04-0675-CG-M |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

### **ORDER**

This court entered a judgment on January 28, 2008, in favor of the defendant, the United States of America, and against the plaintiff, Maureen Simmons, who represented the estate of Thomas J. Prezoise and his minor children, Thomas W. Prezoise and Daniel J. Prezoise. (Doc. 166). Pursuant to FED. R. CIV. P. 54(d)(1), the judgment taxed costs against the plaintiff. The plaintiff subsequently filed a motion asking the court to modify its judgment and not tax costs against the plaintiff. (Doc. 167). On February 28, 2008, this court denied the plaintiff's motion but provided that the plaintiff could renew said motion within ten days of the date that the court taxes costs against the plaintiff. (Doc. 170, p. 4).

On the same day, this court entered a bill of costs in the amount of $2,818.76. On March 3, 2008, the government filed a motion to retax costs. (Doc. 172). This court granted that motion on December 1, 2008, and raised the amount awarded against the plaintiff to $8,253.25. (Doc. 173). On December 8, 2008, the government filed a motion to clarify the amount awarded because this court omitted reference to an additional $2,818.76 in witness fees that the government asked for in its motion to retax costs. (Doc. 174). This court granted the motion to clarify on March 3, 2009, which raised the total costs awarded against the plaintiff to $11,072.01. (Doc. 175).

On March 13, 2009, the plaintiff filed a notice of appeal as to the summary judgment (Doc. 166), the order on the plaintiff's motion for reconsideration (Doc. 170), the order on the motion to retax (Doc. 173), and the order on the motion for clarification (Doc. 175). On May 15, 2009, the Court of Appeals for the Eleventh Circuit dismissed the plaintiff's appeal for want of prosecution. (Doc. 183). On November 16, 2009, Kathleen Preziose, the mother of Thomas and Daniel, filed a motion to reconsider the court's orders granting the government's motions to retax costs and for clarification. (Doc. 184). The government has filed a response. (Doc. 188). For the reasons set forth below, Kathleen Prezoise's motion for reconsideration is **DENIED**.

Although this court questions Kathleen Prezoise's standing to bring such a motion since she is not a party to the above lawsuit and she is not liable for the costs awarded against the plaintiff, Kathleen Prezoise has still failed to provide substantial documentation showing her or the plaintiff's true inability to pay. In Chapman v. AI Transport, the Court of Appeals for the Eleventh Circuit held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to [Federal Rule of Civil Procedure] 54(d)." However, the court maintained that "[i]f a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." In other words, there must be "clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered..." 229 F.3d 1012, 1039 (11th Cir. 2000)

Upon review of the attached sealed documents and Kathleen Prezoise's letter, this court finds that there is no clear proof of the plaintiff's or Kathleen Prezoise's dire financial circumstances. Though Kathleen Prezoise has significant debt that exceeds her income, this court notes that she has a stable job; her two sons are in college, one of which graduates in May 2010;

Kathleen Prezoise and her two sons' debt, which mainly consists of student loans and credit card debt, is not crippling; and Kathleen Prezoise admits in her letter that she has "remain[ed] current on all [credit card] accounts." (See Docs. 184 & 184-1).  Furthermore, Kathleen Prezoise has failed to provide critical information that this court would need in determining whether her and her sons' financial circumstances are dire; for example, it would be necessary to know Kathleen Prezoise and her two sons' daily expenses; whether the two sons' have any income; and the total amount of debt that the two sons' have incurred.  Lastly, Kathleen Prezoise did not provide any documentation concerning the estate of Thomas J. Prezoise, an entity which was a plaintiff in this case.  While this court is sympathetic to Kathleen Prezoise and her two sons' financial circumstances, the court would not go so far as to describe those circumstances as "dire." See Dews v. Troy University, 2007 WL 2012825, at *2 (M.D.Ala. July 9, 2007)(held that the plaintiff did not satisfy his burden of showing dire financial circumstances as he was a recent college graduate with steady employment and no dependents, his debt was not crippling, and he made payments in accordance with a typical monthly plan.).

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, it is hereby **ORDERED** that the Kathleen Prezoise's motion for reconsideration (Doc. 184) is hereby **DENIED**.

**DONE and ORDERED** this 23rd day of December, 2009.

/s/ Callie V. S. Granade  
CHIEF UNITED STATES DISTRICT JUDGE